

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>vs.<br><br>FELIPE OLIVARES-CAMPOS<br><br>                             Defendant. | CASE NO. 06cr0676 JM  2160<br>CIVIL NO. JM 08 cv 2160<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE BROUGHT PURSUANT TO 28 U.S.C. § 2255 |

      Pursuant to a plea agreement, Defendant Felipe Olivares-Campos ("Defendant"), a non-United States citizen, pleaded guilty to two counts of reentering the United States following removal with an aggravated felony conviction in violation of 8 U.S.C. § 1325. On July 25, 2006 final judgment was entered and Defendant was sentenced to a custodial term of 36 months, followed by a one year term of supervised release. On October 28, 2008 the court received a motion entitled "Defendant's Objection to the Court's Imposition of Probation." As Defendant seeks to reduce, modify, or set aside the term of supervised release, the court treats the motion as one brought pursuant to 28 U.S.C. § 2255 ("Motion"). Defendant generally contends that the court lacked authority to impose a period of supervised release. Alternatively, Defendant seeks placement in a community confinement center. For the reasons set forth below, the court summarily denies the Motion.

**28 U.S.C. §2255 Review**

Under Rule 4(B) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." In such an instance, the district court is not required to hold a hearing or to require a response from the government. See 28 U.S.C. § 2255.

**The Statute of Limitations**

A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Here, the judgment became final 10 days after the later of (1) entry of this court's July 25, 2006 judgment or (2) the filing of the government's notice of appeal where the government is entitled to appeal. Fed.R.App.P. 4(b). As the plea agreement prevents the government from pursing an appeal, the court concludes that the judgment became final on or about August 5, 2006, 10 days entry of this court's judgment. Consequently, the court dismisses the Motion as time-barred because Defendant filed the Motion on October 28, 2008, after the statute of limitations had expired.

**Waiver of the Right to Collaterally Attack Sentence**

Defendant waived his right to collaterally attack his sentence. In the fast-track plea agreement defendant specifically waived his right to appeal or to collaterally

1  attack his conviction and sentence unless the court imposed a custodial sentence greater
2  than the high end of the guidelines range recommended by the government. This
3  waiver provision is enforceable to bar Defendant from seeking collateral relief. See
4  United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979
5  (1993). The plea agreement's language clearly embraces a waiver of any collateral
6  attack on Defendant's sentence, including a § 2255 motion. See United States v.
7  Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (finding that defendant
8  waived his right to appeal an incorrect application of Sentencing Guidelines even
9  though the plea agreement did not specifically mention this right; to find otherwise
10 "would render the waiver meaningless"). Furthermore, Defendant does not challenge
11 the voluntariness of his waiver or otherwise inform the court of any other reason to
12 invalidate his waiver. The record reflects that Petitioner's waiver was knowing and
13 voluntary. Accordingly, the court concludes that Petitioner validly waived his right to
14 collaterally attack his sentence and dismisses the Motion.

**Procedural Bar**

16 Even if Defendant had not waived his rights to raise these claims in a § 2255
17 proceeding, he has procedurally defaulted these claim. Claims that could have been
18 raised on appeal, but were not, are procedurally defaulted. See Bousley v. United
19 States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will
20 not be allowed to substitute for an appeal). A review of the record reveals that
21 Defendant did not file a direct appeal and therefore he did not raise these claims on
22 direct appeal. Defendant does not sufficiently allege any basis for finding that cause
23 and prejudice exists to excuse his procedural default, nor does he allege that he is
24 actually innocent. See Murray v. Carrier, 477 U.S. 478, 485 (1986). Accordingly, his
25 failure to raise these claims on direct review results in the procedural default of these
26 claims. Id.

27 In sum, the Motion to eliminate the term of supervised release is denied.
28 **IT IS SO ORDERED.**

1 | DATED: __11/20__, 2008

__[signature]__
JEFFREY T. MILLER
United States District Judge

cc:     All parties